SWAFFORD, APPELLEE, *v.* TAXICABS OF CINCINNATI, INC., APPELLANT.

[Cite as Swafford v. Taxicabs of Cincinnati (1971), 29 Ohio App. 2d 187.]

(No. 11533—Decided June 14, 1971.)

*Mr. Harry Gehler,* for appellee.
*Mr. Edward K. Halaby,* for appellant.

YOUNG, J. This is an appeal from a judgment in favor of plaintiff, appellee herein, entered after a jury award in the sum of $5,000 against defendant, appellant herein, in the Common Pleas Court of Hamilton County, Ohio.

The trial court found the verdict to be excessive and the result of passion and prejudice and ordered a remittitur of $1,500 which the plaintiff accepted. The court, then, overruled defendant's motion for a new trial.

The evidence was undisputed that the plaintiff, who will hereafter be referred to as the appellee, was a passenger in a taxicab owned by the defendant, who will hereafter be referred to as the appellant.

The appellee alleged in her petition and testified at the trial that the driver of the taxicab slammed the door of the cab on her right foot as she was entering the cab and that as a result of this injury her big toe was caused to bleed and the nail removed, and that the nail was thicker when it grew back in.

The driver of the cab denied closing the door on her foot and testified that she injured the foot herself.

The only testimony as to any permanent damage was that the nail would be thicker and would have to be pared down in the future. The appellee's doctor testified that he "could do nothing more for her foot until she buys proper fitting shoes."

The claim of loss of wages was put in question by the evidence of the appellee herself that at this same time her left ankle was sprained and swollen and she could not walk on it.

The appellant's assignment of error is that the award was excessive, the result of passion and prejudice, and that the defect in the verdict was not cured by the remittitur.

A careful review of the bill of exceptions fails to reveal such evidence of passion or prejudice as to warrant the court to find that the jury was actuated by such motives in making the award which it did in this case. However, this Court does find that the amount awarded was so great that the verdict is not sustained by and is against the weight of the evidence and showed a misconception by the jury of its duty in the premises, as was stated in the third paragraph of the syllabus of *Toledo, Columbus & Ohio River R. R. Co.* v. *Miller,* 108 Ohio St. 388, which states:

"In an action for damages for personal injury, a verdict should not be set aside unless the damages awarded are so excessive as to appear to have been awarded as a result of passion or prejudice, or unless it is so manifestly against the weight of the evidence as to show a misconception by the jury of its duties in the premises."

The judgment of the Court of Common Pleas of Hamilton County will be reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.